IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY LOUIS FUNYAK, SHARON LYNN FUNYAK, <br><br> Plaintiffs, <br><br> v. <br><br> PENNROSE MANAGEMENT COMPANY, MONROE MEADOWS HOUSING PARTNERSHIP, LP, <br><br> Defendants. | 2:19-CV-01331-CCW |

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' Motion to Appoint Counsel and Motion to Seal. ECF No. 27. In their Motion, Plaintiffs request "a court appointed lawyer at no cost to help with our civil case" and that "our court case gets sealed from the public due to the very confidential information that I'm submitting in regards to health and other personal information." *Id.*

**I.   Background**

This is Plaintiffs' third request for the appointment of counsel, *see* ECF Nos. 2 and 15, and first request for sealing. On April 23, 2020, the Honorable David S. Cercone, then presiding, denied Plaintiffs' first motion to appoint counsel. *See* ECF No. 5. The undersigned denied Plaintiffs' second request on January 13, 2021, finding that Plaintiffs had failed to point to any "special circumstances" warranting the appointment of counsel. *See* ECF No. 19 (quoting *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016)). The Court has since granted Defendants' Motion to Dismiss, *see* ECF No. 13, concluding that, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' Complaint failed to state any claim on which relief could be granted. *See generally* ECF No. 25. Plaintiffs have, however, been given leave to file an amended complaint. *See id.* at 11.

## II.     Plaintiffs' Motion to Appoint Counsel Will Be Denied

Civil litigants proceeding *pro se* and *in forma pauperis,* like Plaintiffs, "'possess neither a constitutional nor a statutory right to appointed counsel.'"  *Parkell*, 833 F.3d at 340 (quoting *Montgomery v. Peck*, 294 F.3d 492, 498 (3d Cir. 2002)).  That said, the United States Court of Appeals for the Third Circuit has interpreted 28 U.S.C. § 1915(e)(1) (providing that "the court may request an attorney to represent any person unable to afford counsel") as "affording district courts 'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate" and that such a decision "may be made at any point in the litigation, and may be made by a district court sua sponte." *Montgomery*, 294 F.3d at 498 (quoting *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

According to the Third Circuit, deciding whether the appointment of counsel is appropriate proceeds in two steps.  First, "[a]s a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." *Id.* at 499 (citing *Tabron* 6 F.3d at 155). Then, if a claim is arguably meritorious, the district court should consider "a range of factors," of which "the plaintiff's ability to present a case is '[p]erhaps the most significant' consideration and depends on factors such as 'the plaintiff's education, literacy, prior work experience, and prior litigation experience.'"  *Parkell*, 833 F.3d at 340 (quoting *Montgomery*, 294 F.3d at 501).

When the Court denied Plaintiff's second motion to appoint counsel, Defendants' Motion to Dismiss was pending.  Thus, we did not address whether Plaintiffs' claims had any arguable merit, leaving that question to be resolved when we decided Defendants' Motion to Dismiss, and instead declined to request pro bono counsel to represent Plaintiffs' on the ground that they had not demonstrated any of the factors—such as inability to represent themselves—that would potentially justify the Court exercising its discretion to appoint counsel.  *See* ECF No. 19.

Now, with Defendants' Motion to Dismiss having been granted, *see* ECF No. 25, Plaintiffs do not have any arguably meritorious claim before the Court. Thus, because the Court found that Plaintiffs' claims, as stated in their original Complaint, were deficient, there is no basis for the appointment of counsel at this juncture. *See Montgomery*, 294 F.3d at 499 (admonishing that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases"). As such, Plaintiffs' Motion to Appoint Counsel, ECF No. 27, will be denied without prejudice.

**III.    Plaintiffs' Motion to Seal Will Be Denied**

As noted above, Plaintiffs' Motion also requests that "our court case gets sealed from the public due to the very confidential information that I'm submitting in regards to health and other personal information." *See* ECF No. 27.

According to the Third Circuit, "the common law presumes that the public has a right of access to judicial materials." *In re Avandia*, 924 F.3d 662, 672 (3d Cir. 2019). To overcome this presumptive right of access to judicial materials, "[t]he party seeking to overcome the presumption of access bears the burden of showing 'that the interest in secrecy outweighs the presumption.'" *Id*. (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). That is, "[t]he movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id*. (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

Here, Plaintiffs' vague reference to "health and other personal information" does not meet the requirements for sealing articulated by the Third Circuit in *Avandia*. That is, while certain "personal information," specifically social security numbers, the names of minor children, dates of birth, and financial account numbers, must be redacted from filings pursuant to our Local Rule

5.2.D, a party wishing to protect other kinds of information (such as information related an individual's health) must articulate how public disclosure of that information will harm them. Plaintiffs have not made such a showing here. Accordingly, to the extent their Motion seeks leave to file documents under seal, it will be denied without prejudice. Should Plaintiffs elect to refile their Motion, they must identify appropriate grounds to warrant sealing.

## IV. The Court Need Not Inquire as to Mr. Funyak's Competency at this Time

Finally, Plaintiffs' Motion presents a pair of additional, related issues. In short, Plaintiffs argue that, beyond being unable to pay for an attorney, we should appoint counsel in light of Mr. Funyak's "inability to take part in this case" and "his incompetency to deal with this case." *Id.* Plaintiffs state that Mr. Funyak "has a documented IQ that is well below the normal range" and that "[h]e has also been diagnosed with a mental health condition that's under control and he was also diagnosed with Chronic Myeloid Leukemia." *Id.* Furthermore, it appears from Plaintiffs' Motion that Ms. Funyak may in fact be attempting to represent both herself and Mr. Funyak in this case. *See* ECF No. 27 (noting "I, Sharon Funyak, thought that I could try to convince the court with strong evidence that we should be able to continue to proceed with our case," and "I, Sharon Funyak, have a college education but this doesn't make me an attorney.").

Federal district courts have an "obligation to issue an appropriate order 'to protect a minor or incompetent person who is unrepresented in an action." *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) (quoting Fed. R. Civ. P. 17(c)(2)). However, "[a] court is not required to conduct a *sua sponte* determination whether an unrepresented litigant is incompetent unless there is some verifiable evidence of incompetence," such as "evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent" or "evidence from a mental health professional demonstrating that the party is being or has been treated for

mental illness of the type that would render him or her legally incompetent." *Id.* (quoting *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 201 (2d Cir. 2003)).  And, as a threshold issue, the court's "duty of inquiry involves a determination of whether there is verifiable evidence of incompetence." *Id.*

Here, Plaintiffs' bare assertions with respect to Mr. Funyak's competency do not constitute the kind of "verifiable evidence" sufficient to trigger the Court's obligation to make a *sua sponte* determination of Mr. Funyak's competency. *See id.* at 309–10 (finding doctor's note attached to motion to appoint counsel sufficient to trigger court's duty under Rule 17).  That said, while 28 U.S.C. § 1654 "ensures that a person may conduct his or her own case pro se," it does not permit one pro se party to represent another. *Murray v. City of Phila.,* 901 F.3d 169, 170 (3d Cir. 2018) (citation omitted); *see also Liberto v. Comm'r Soc. Sec.,* 799 Fed. Appx. 162, 165 (3d Cir. 2020) ("Individuals may proceed in federal court either pro se or with legal representation, but they may not be represented by non-lawyers.").  Thus, the Court reminds Plaintiffs that, although they may proceed together on their shared claims and may submit joint filings, because they are self-represented litigants Ms. Funyak may not represent Mr. Funyak (or vice versa), nor may either Mr. or Ms. Funyak sign any pleading or other paper filed with the Court on the other's behalf. *See* Fed. R. Civ. P. 11; *compare* ECF No. 27 (Motion signature block) *with* ECF No. 1 at 2 (IFP application signature block).

## V.     Conclusion

For the reasons stated above, Plaintiffs' Motion, ECF No. 27, is hereby DENIED WITHOUT PREJUDICE.

DATED this 11th day of August, 2021.

                                       BY THE COURT:

                                       <u>/s/ Christy Criswell Wiegand</u>
                                       CHRISTY CRISWELL WIEGAND
                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record